UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 4:24-cr-155 |
| | ) | |
| ANDREW CHARLES NYGAARD, | ) | GOVERNMENT'S |
| | ) | SENTENCING MEMORANDUM |
| Defendant. | ) | |

## INTRODUCTION

Nygaard downloaded child sexual abuse material (CSAM) over a multi-year period spanning from at least September 2018 to June 2022. The imagery in his collection focused on prepubescent children and included examples of the worst-of-the-worst.

The Government recommends 63 months in prison with five years of supervised release to follow.

## SENTENCING CALCULATION, RESTITUTION & RELATED MATTERS

There are no factual disputes relating to the PSR. The parties both agree with the guidelines calculation set out in the PSR: total offense level 28 with a criminal history category I, 78 – 97 months. A statutory maximum of 240 months applies. The only issues to be determined at sentencing are the amount of restitution to be imposed and the ultimate sentence. "The district court must direct the defendant to pay the full amount of the victim's general losses that were proximately caused by the defendant." *United States v. Urfer*, 833 F.App'x 33, 34 (8th Cir. 2020) (unpublished) (cleaned up); see also 18 U.S.C. § 2259. Congress has mandated that the amount of

restitution for each victim with losses shall be no less than $3,000. 18 U.S.C. § 2259(b)(2)(B). As outlined in PSR paragraph 26 and supplemental restitution requests received after disclosure of the final PSR, the following series have requested restitution:

- Aprilblonde – requesting $10,000
- RapJerseys – requesting $5,000
- 8kids4 – requesting $5,000
- 8kids5 – requesting $5,000

The government's position regarding fine and Section 2259A special assessment will be provided at the sentencing hearing.

The Court has no choice but to impose the additional $5,000 special assessment under Section 3014 unless the Court finds Nygaard is indigent. The burden is on the defendant to establish that he is indigent. *United States v. Wesely*, 96 F.4th 1045 (8th Cir. 2024). "An appreciable net worth at the time of sentencing generally requires the [Section 3014] special assessment, regardless of future earning potential. Alternatively, defendants who have future earning capacity because of their young age, good health, education, skills, or work experience are also eligible for it." *Id*. at 1047 (cleaned up). Nygaard is far from indigent. The Court should impose the Section 3014 special assessment in addition to the $100 Section 3013 special assessment.

The Court should order forfeiture of various electronic devices utilized by Nygaard to facilitate his crime, consistent with the Preliminary Order of Forfeiture. (DCD 77.)

**THE § 3553(a) FACTORS SUPPORT A SENTENCE OF 63 MONTHS**

The sentencing statutes inform this court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The court, in determining the sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).   The government will ask the district court to sentence the Defendant based upon an advisory range of 78-97 months.  The government recommends 63 months.

Nygaard's offense conduct is serious.  He downloaded, received, and consumed videos and pictures from the internet of pre-pubescent minors being sexually abused. (PSR ¶¶ 17, 18, 20-22.)  His conduct was not isolated in time. Rather, he knowingly downloaded CSAM repeatedly from at least September 2018 through June 2022. (See PSR ¶¶ 12, 17, 18, 22 (CSAM files containing created dates as early as September 2018 and Nygaard seeking CSAM on peer-to-peer network in June 2022.))  That his collection primarily depicted prepubescent children is of particular concern considering his living situation at the time. (See PSR ¶¶ 14, 18, 21 (emphasis on the

content and name of the folder wherein the video described in paragraph 21(e) was found by law enforcement.))

In the totality of the Section 3553(a) considerations, the government recommends a modest downward variance. Nygaard's lengthy and extensive post-conduct efforts at rehabilitation are commendable and further underscore his acceptance of responsibility.

## CONCLUSION

A sentence of 63 months is necessary to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, avoid unwarranted sentencing disparities, and protect the public from his further crimes.

This Court should sentence the Defendant to 63 months of imprisonment with a five-year term of supervised release to follow.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: /s/ Adam J. Kerndt
Adam J. Kerndt
Assistant United States Attorney
Neal Smith Federal Building
210 Walnut Street, Suite 455
Des Moines, IA 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Adam.Kerndt@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

\_\_\_\_U.S. Mail _____ Fax \_\_\_\_\_Hand Delivery

  X   ECF/Electronic filing      \_\_\_Other means


UNITED STATES ATTORNEY

By: */s/ Janna Colvin*
       Paralegal Specialist